IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FRANCES TRAYWICK,** ) | |
| **Plaintiff,** ) | |
| ) | |
| **vs.** ) | **CIVIL ACTION NO: 08-00327-KD-B** |
| ) | |
| **JAMES HOOD,** *et al.*, ) | |
| **Defendants.** ) | |

**ORDER**

This matter is before the Court on Plaintiffs' Motion to Strike (Doc. 8). In the motion, Plaintiff moves pursuant to Rule12(f) of the Federal Rules of Civil Procedure to strike from "her complaint her allegation that she sues the defendants Sheriff and deputy sheriffs in their official capacities, contained in paragraphs 2 thru [sic] 7. Such allegations are immaterial to this action that seeks no injunctive relief and it[] is the intention of the plaintiff to only sue defendants for damages." (Id.). In sum, Plaintiff seeks to amend her complaint to remove the official capacity allegations.

The Court finds that Plaintiff's motion is due to be denied. First, Rule 12(f) is not the proper vehicle with which to seek such an amendment. Rule 12 governs "Defenses and Objections." Rule 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter . . . on its own[] or [] on motion made by a party either before responding to the pleading or, if a response is not allowed, within 20 days after being served with the pleading." Fed.R.Civ.P. 12(f)(2) (emphasis added). Accordingly, this rule provides relief to an opposing party (*e.g.*, a defendant may move to strike certain allegations of a plaintiff's complaint). This relief is provided to a party before he or she responds to another party's pleading or after being served with same. This is not a rule used by a party to strike allegations contained it

its own pleadings, and moreover, this is not the manner in which federal courts permit amendments to complaints.  Rather, Rule 15(a) governs requests for leave to amend pleadings and provides that leave should be freely given except in the presence of countervailing factors such as undue prejudice to the opposing party and futility of the amendment.  See, e.g., Foman v. Davis, 371 U.S. 178, 182 (1962); Bartronics, Inc. v. Power-One, Inc., 245 F.R.D. 532, 534 (S.D. Ala. 2007). FED.R.CIV.P. 15(a)(1-2).[1]  See also e.g., Laurie v. Alabama Court of Crim. App., 256 F.3d 1266, 1274 (11th Cir. 2001); Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).  Second, Plaintiff has not attached a copy of the proposed amended complaint with her motion to strike.  As such, the Court is unable to assess the revisions Plaintiff seeks to make to the original complaint.

Based on the foregoing, it is hereby **ORDERED** that Plaintiff's Motion to Strike (Doc. 8) is **DENIED;** however, Plaintiff is granted leave to file a motion to amend the complaint (attaching a copy of the proposed amended complaint) on or before **August 17, 2009**, at which time the motion will be taken under submission.

**DONE** and **ORDERED** this **5th** day of **August 2009.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[1] Rule 15(a)(1-2) provides as follows:

(1) Amending as a Matter of Course.
A party may amend its pleading once as a matter of course: (A) before being served with a responsive pleading; or (B) within 20 days after serving the pleading if a responsive pleading is not allowed and the action is not yet on the trial calendar.

(2) Other Amendments.  In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.