IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| **FRANCES TRAYWICK,** | : |
| Plaintiff, | : |
| VS. | : CIVIL ACTION NO. 08-00327-KD-B |
| **ROY FIKES, *et al.*,** | : |
| Defendants. | : |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Deputy Roy Fikes' Motion to Dismiss and supporting memorandum (Docs. 41, 42), and Plaintiff's response (Doc. 47). Based upon a careful review of Defendant's motion and memorandum, Plaintiff's response and the case file, the undersigned RECOMMENDS that Defendant's motion be GRANTED.

### I. Background

Plaintiff Frances Traywick filed individual capacity suits seeking damages against James Hood, sheriff of Perry County, Alabama, and Roy Fikes and Bobby Sanders, Perry County deputy sheriffs. (Doc. 35). In Plaintiff's third Amended Complaint (Doc. 35), she alleges that while a county prisoner housed at the Perry County facility, Defendants deprived her of her right to privacy and her right to be free from assault and batteries. Specifically, Plaintiff alleges that she was placed in the Perry County jail in May 2006 while awaiting a probation revocation

hearing and that after her probation was revoked on June 16, 2006, she continued to be housed at the jail for a total of 45 days while awaiting transfer to the women's facility. Plaintiff alleges that while housed at the jail, she was placed in a cell that was not separate from the cell of the male prisoners, and as a result, male prisoners used shaving mirrors to watch her disrobe and use the toilet. Plaintiff further alleges that Defendants Fikes and Sanders promised her mental help, food and other favors in exchange for sex. In Counts One, Two and Three of Plaintiff's Amended Complaint, Plaintiff alleged various allegations against Hood in relation to her placement in a cell from which she could be viewed by male prisoners and others. Plaintiff's claims against Hood were voluntarily dismissed. (Docs. 51, 52). In Counts Four and Five, Plaintiff alleges that Defendant Fikes sexually assaulted her in violation of the Eighth Amendment. In Count Six, Plaintiff alleges that Defendant Sanders sexually assaulted her in violation of the Eighth Amendment, and in Count Seven, Plaintiff alleges that Defendant Fikes' actions constituted assault and battery under the laws of Alabama.

Currently pending before the Court is Defendant Fike's Motion to Dismiss Count Seven of Plaintiff's Third Amended Complaint. Defendant Fikes argues that he is immune, under Article V, § 112 of the Alabama Constitution, from Plaintiff's

state law claim for assault and battery. Plaintiff filed a one sentence document in response to Defendant's motion. In her response, Plaintiff states that she "does not disagree with the argument of Defendant." (Doc. 47).

## II. Analysis

### A. Standard of Review

In considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the court accepts the non-moving party's allegations as true; however, the court is not required to accept a plaintiff's legal conclusions. Ashcroft v. Iqbal, 556 U.S. --, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (noting "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). In evaluating the sufficiency of a plaintiff's pleadings, the court makes reasonable inferences in the plaintiff's favor, "but [is] not required to draw plaintiff's inference." Aldana v. Del Monte Fresh Produce, N.A., Inc., 416 F.3d 1242, 1248 (11th Cir. 2005). Similarly, "unwarranted deductions of fact" in a complaint are not admitted as true for the purpose of testing the sufficiency of plaintiff's allegations. Id.; see also Iqbal, 129 S. Ct. at 1951 (stating conclusory allegations are "not entitled to be assumed true").

In Iqbal, the Supreme Court reiterated that although Rule 8

of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. The mere possibility the defendant acted unlawfully is insufficient to survive a motion to dismiss. Id. The well-pled allegations must nudge the claim "across the line from conceivable to plausible." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

As noted supra, Plaintiff has indicated that she does not oppose Defendant's motion. Courts in the Eleventh Circuit have held that the failure of a party to respond or oppose a pending motion may constitute an abandonment of the claims at issue in that motion. See Coalition for the Abolition of Marijuana Prohibition v. City of Atlanta, 219 F.3d 1301, 1326 (11th Cir. 2000)(finding that a party's failure to brief and argue an issue before the district court is grounds for declaring it abandoned); Hooper v. City of Montgomery, 482 F. Supp. 2d 1330, 1334 (M.D. Ala. 2007)(concluding that a plaintiff's failure to respond to Plaintiff's motion to dismiss resulted in dismissal of those claims as abandoned). While lack of opposition

4

certainly provides sufficient basis for "abandonment," the better course of action is to consider the motion on its merits. The Northern Assur. Co. of Am. v. Bayside Marine Constr., Inc., 2009 U.S. Dist. LEXIS 4033 (S.D. Ala. Jan. 20, 2009)[1]

**B. Discussion**

Defendant Fikes asserts that Plaintiff's state-law assault and battery claim against him should be dismissed because he is entitled to absolute immunity under Alabama state law. Article I, § 14, of the Alabama Constitution of 1901 provides that, "the State of Alabama shall never be made a defendant in any court of

---

[1] In Northern Assur. Co., the Court cautioned that:

> ... the court is under no duty to exercise imagination and conjure what a …[party] might have alleged, but did not, and do counsel's work for him or her." Pinto v. Universidad De Puerto Rico, 895 F. 2d 18, 19 (lst Cir. 1990); see also Lyes v. City of Rivera Beach, Fla., 126 F.3d 1380, 1388 (llth Cir. 1997)(explaining that "the onus is upon the parties to formulate arguments"); Resolution Trust Corp. v. Dumar Corp., 43 F.3d 587, 599 (llth Cir. 1995)('[t]here is no burden upon the district court to distill every potential argument that could be made based upon the materials before it."); Bowden ex rel. Bowden v. Wal-Mart Stores, Inc., 124 F. Supp. 2d 1228, 1236 (M.D. Ala. 2000)('[i]t is not for the court to manufacture arguments on plaintiff's behalf"). Accordingly,. . .[a party's] decision not to proffer argument or authority in response to the Motion [to dismiss] is at his peril.

Id. at *10 (quoting Anderson v. Greene, 2005 U.S. Dist. LEXIS 38684, 2005 WL 1971116, *3 (S.D. Ala. Aug. 16, 2005).

law or equity."[2] Fikes thus contends that because Plaintiff's claim arose in connection with the performance of his duties as a deputy sheriff for Perry County, he is entitled to absolute immunity against any claim based on Alabama law.

When determining whether a State interest in an action against a State official or employee in his or her individual capacity is sufficient to trigger the immunity granted by § 14, Alabama distinguishes between the standards applied to state agents or employees whose positions exist by virtue of legislative pronouncement and those who serve as the constitutional officers of this State. Ex parte Davis, 930 So.2d 497, 500 (Ala. 2005). Alabama law provides that a county sheriff is a constitutional officer pursuant to § 112 of the Alabama Constitution of 1901, which provides that "[t]he executive department shall consist of . . . a sheriff for each

---

[2] The only exceptions to State immunity for suits brought against a sheriff or deputy are "actions brought (1) to compel him to perform his duties, (2) to compel him to perform ministerial acts, (3) to enjoin him from enforcing unconstitutional laws, (4) to enjoin him from acting in bad faith, fraudulently, beyond his authority, or under mistaken interpretation of the law, or (5) to seek construction of a statute under the Declaratory Judgment Act if he is a necessary party for the construction of the statute." Parker v. Amerson, 519 So. 2d 442, 443 (Ala. 1987). These exceptions do not apply where a sheriff is being sued for money damages, rather than for injunctive relief. See Tinney v. Shores, 77 F.3d 378, 383 (11th Cir. 1996) ("[U]nder Article I, § 14, the only exceptions to a sheriff's immunity from suit are actions brought to enjoin the sheriff's conduct," not actions for damages).

6

county." Parker, 519 So. 2d at 443. Section 14 immunity has been extended to deputy sheriffs despite the fact the position is not recognized in the constitution itself. See, e.g., Ex Parte Blankenship, 893 So. 2d 303 (Ala. 2004). The Alabama Supreme Court has reasoned that "'the acts of the deputy sheriff are the acts of the sheriff. The deputy sheriff is the alter ego of the sheriff.'" Hereford v. Jefferson County, 586 So.2d 209, 210 (Ala. 1991). Recently however, in Ex parte Shelley, 2009 Ala. LEXIS 221 (Ala. Sept. 8, 2009), the Alabama Supreme Court held that unlike sheriff's deputies, jailers do not qualify for absolute immunity under the State's constitution.

In this case, Plaintiff acknowledges that Defendant Fikes was employed as a sheriff's deputy for Perry County. While Plaintiff alleges that Fikes was performing jailer duties at the time the allegedly wrongful conduct occurred, she does not allege that he was a jailer nor has she argued that he is not entitled to absolute immunity with respect to her state law claim. Furthermore, Plaintiff has not argued that Fikes' alleged misconduct did not arise in connection with the performance of his duties nor has she alleged any facts which suggest that Defendant Fikes is not entitled to absolute

immunity with respect to her state law claim[3]. In fact, as noted supra, in response to Fikes' Motion to Dismiss, Plaintiff responded that she does not disagree with Defendant's arguments. Accordingly, the undersigned finds that Defendant Fikes is entitled to absolute immunity with respect to Plaintiff's assault and battery claim. It is therefore recommended that Defendant Fikes' motion be granted, and that Plaintiff's assault and battery claim be dismissed.

The attached sheet contains important information regarding objections to this recommendation.

DONE this **30th** day of **July, 2010.**

                                         **/s/ SONJA F. BIVINS**
                                 **UNITED STATES MAGISTRATE JUDGE**

---

[3] In McMillian v. Johnson, 101 F.3d 1363, 1365 (11th Cir. 1996), the Eleventh Circuit observed that the wall of § 14 immunity is impenetrable even in the face of allegations that the state constitutional officer acted maliciously and intentionally. Id. at 1364-65.

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
<u>FINDINGS CONCERNING NEED FOR TRANSCRIPT</u>**

l.   *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982) (*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[4] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed de novo and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

---

[4] Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]"  Fed. R. Civ. P. 72(b)(2).

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2. ***Transcript (applicable Where Proceedings Tape Recorded).*** Pursuant to 28 U.S.C. § 1915 and FED. R. CIV. P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review. Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

DONE this **30th** day of **July, 2010.**

                              **/s/ SONJA F. BIVINS**
                        **UNITED STATES MAGISTRATE JUDGE**